Good morning, counsel. Please proceed. May it please the court. Counsel, Spencer Hamlin on behalf of the people. This is a suit appeal from the order of suppressing evidence against the defendant who was charged with burglary. A police staffer questioned the defendant about a burglary of some knives from the fairground. He admitted that he and two others had stolen the knives and he told police that the knives were concealed in a shop vacuum cleaner stored in the garage of a home that was owned by a friend of his. The home was down the block from where this questioning occurred. Now, the defendant had been sleeping at the friend's home on and off for a period of a couple weeks prior to the questioning, but had not spent the previous night at the friend's home because he was told that his friend's wife didn't want him staying there anymore. However, the homeowners also allowed the defendant to come and go from the garage as he wanted to. Some facts about the garage. The defendant didn't have a key to the garage. He just knew that they left one of the doors open. And the only item of furniture in the garage was a pool table. The defendant never slept in the garage or spent the night there. And the defendant kept no personal items in the garage. So the police sought and received the defendant's consent to search the garage for the stolen knives. The defendant led the police to the unlocked back door of the garage and inside where he showed them where the knives were hidden. The defendant then moved to suppress this evidence, and the circuit judge granted his motion to suppress on the grounds that the defendant did not live at his friend's house and lacked the actual apparent common query to consent to the search. This Court should reverse because the defendant had no legitimate expectation of privacy in the garage. The defendant who objects to a search must prove that he had a legitimate expectation of privacy in the area searched, meaning that he had that expectation and that this expectation was one that society was prepared to recognize as reasonable. And here the defendant's status as a prior overnight guest did not confer this expectation of privacy on him. And didn't really implicitly the trial court find that by saying he didn't have authority to consent? I mean, he didn't talk about it in those terms, but it seems like the trial court was mixed up here about the idea that if the defendant didn't have authority to consent to the search of the premises, then he was, even though he admits he gave consent, that he's entitled to have the evidence suppressed as to him. Yeah, the interesting thing, as you said, is that I think the court was mixed up about the doctrines of third-party consent. Because if the court found implicitly that the defendant had a legitimate expectation of privacy in the garage, and he consented to the search of the garage and the seizure of those knives, the court ruled that the consent was invalid not because it was involuntary, but because he didn't have authority to consent to that search. But those doctrines only apply where a third party consents on behalf of, say, the property owner who's then later charged based on the fruits of that search. And in this case, it was the defendant that consented to the search, and it was the defendant who was prosecuted. The homeowner wasn't charged. The question of the defendant's authority to consent to the search would only arise if the homeowner was charged with a crime. When I was thinking about the word authority, I thought, authority to do what? Well, authority to consent to an invasion of a legitimate expectation of privacy. But whose legitimate expectation of privacy was infringed here? Now, if it was the defendant's legitimate expectation of privacy, and of course the State is arguing that the defendant didn't have one, but if the defendant had a legitimate expectation or if this court finds that that issue is forfeited and declines to review that issue for plain error, then the defendant consented to that invasion. A person has the right to consent, the authority to consent to an invasion of one's own interest. But if we're talking here about a legitimate expectation of privacy possessed by the homeowner, then the defendant can't seek suppression of the evidence against him, the defendant, based on an intrusion, even if it was a wrongful intrusion, into the rights of another person, here the homeowner. What we're really talking about is what we used to call standing. Maybe it's not appropriate to call it standing anymore. That's exactly it. The question is, does he have standing to challenge the search? And that turns on whether he had a legitimate expectation of privacy in the premises. Right. And people are arguing that, number one, the defendant did not have a legitimate expectation of privacy in the garage, but number two, even if he did, he consented to an invasion of that right, assuming that he had one, and that that consent was personal to him. He consented to the invasion of whatever expectation of privacy he may have had. And if the only intrusion into an expectation of privacy was an intrusion of that of the homeowners, then that's not a right that the defendant can vicariously vindicate by moving to suppress the evidence against him. The defendant isn't citing any case in the answer brief in which the doctrines of third-party consent have invalidated a consent to search given by a person who's charged with the crime. This principle was actually recognized by the appellate court in 2011 in a case called Burton, which is cited in the people's briefs, in which the defendant's roommate was held to have authority to consent to a search of the defendant's coat, which was in the closet of the apartment. And the court observed, parenthetically, that this argument about whether the roommate had authority to consent to that search would have been irrelevant if the defendant himself had consented to the search. In other words, if the person who was charged with the crime had been the person to authorize the invasion of whatever right of privacy he may have had. So that's really what happened here. Getting back to the question of whether he had a legitimate expectation of privacy at all, while the defendant may have been legitimately present in the area of search in the sense that he was an invitee to the garage, that alone cannot confer a legitimate expectation of privacy under the U.S. Supreme Court case Minnesota v. Carter. Also, I found instructive the Illinois Appellate Court case People v. Nichols, which is cited in the brief. That's a 2012 case in which the court held that the defendant had no legitimate expectation of privacy in a storage shed where he was allowed to, quote, hang out and lift weights. The parallel here is obvious. But the defendant had no ownership interest in the garage or the home, no possessory interest in the area of search, or even the property seized. These were stolen weapons, after all. And his prior use of the area of search was limited to his hiding stolen weapons there, not an interest that society is prepared to recognize as reasonable. Now, the defendant cites Minnesota v. Olson for the argument that he had a legitimate expectation based on his status as a social guest. But Olson is a case involving an overnight guest, and the defendant's overnight guest status had expired. The people cited Irvin and Brown in the briefs for the proposition that overnight guest status can expire when a person is no longer an overnight guest or when an invitation is rescinded. In this case, both the defendant and his mother testified that his invitation to spend the night at that home had been rescinded. The defendant did not believe that he was welcome to spend the night there in the future. If there are no further questions, I'll save the rest for Roboto. All right. Thank you. Mr. Embers. Good morning, Your Honors. This warm morning. I do like to do state appeal because it gives me the opportunity to say that word that I get to say so rarely, affirm. Go for it. Affirm the circuit court's judgment below. What was the circuit court doing here? Can you explain? I mean, I'm having a little trouble understanding the logic of he didn't have authority to consent, so we're going to suppress the evidence against him. Would be suppressed. And the most important point about that would be that the police knew that Brandon Davis did not have authority to allow that search. The police had enough information in their hands to know that they needed to go get a search warrant or get the homeowner to allow them into that place, and they just ignored that. Now, the state would like to say that that means the evidence can't be suppressed, but they cite to no case directly on point for that point of all. And the law is pretty clear that the police knew that they had no authority to search. Consequently, the state is, on the other hand, arguing that he had no legitimate expectation of privacy, did not carry his burden of proof, and, therefore, you should reverse. But they did not make that argument in the circuit court below. They did not. So this is something that you didn't get to say very often, forfeiture. The state is going to say he has no legitimate expectation of privacy that our society is willing to accept. Well, they had the opportunity to make that argument. They had the opportunity to say he's not carrying his burden of proof. They did not do that. They had the opportunity to file a motion to reconsider, saying he failed to carry his burden of showing a reasonable expectation of privacy. They did not do that. where they're contesting this issue now. I'm not sure exactly what other evidence he might have, but he did present evidence that he was an occasional guest at that house and that he was given permission to use that garage. And so you have this two sides. He's got this legitimate expectation of privacy, but he doesn't have authority to give consent to that search, and you should affirm on the basis that the police knew that. And we just do not want the police going in and searching people's homes, searching their residence, searching their garages when the police know they shouldn't be in there. If Your Honor has had no other questions, I'd ask you to affirm. Thank you. Rebuttal argument. Thank you. On the question of forfeiture, the people have a plain error argument that we're making in our briefs. And here a plain error review should occur to protect the people's substantial right to try the defendant and to prevent the improper enlargement of the circuit court's authority to suppress evidence without showing of legitimate expectation of privacy. And here the issue is truly one of loss. It's appropriate for a plain error review. And on the undisputed facts on the record, there's no chance that he could prove he had a legitimate expectation of privacy in the garage. Now, the defendant cited some cases in the answer brief, Brash, which in turn cites cases called Holloway and Chianakis. Now, in those cases, the courts found that the state forfeited the issue of what was then called standing, and the appellate courts did not consider the issue. But none of those cases say that the state sought plain error review. Also, in Chianakis, the state on appeal had argued that the defendant had no legitimate expectation of privacy. And the court held that the state's express waiver of the standing issue in the trial court deprived the defendant of the opportunity to show he had a legitimate expectation of privacy. But here the state did not expressly waive this issue. The issue just didn't come up. The issue wasn't raised by the defendant, and therefore it wasn't rebutted by the state. Also, in a case called Lyles, which is cited in the People's Reply Brief, the appellate court did review a forfeited legitimate expectation of privacy issue, where the record was sufficient for the appellate court to decide the nature of the area searched. In that case, it was a porch. In this case, there's no evidence. You heard the defendant say that he's not sure what sort of evidence could have been presented. And here there's no evidence that could be presented that would prove that any claimed subject of expectation of privacy that the defendant might have had in the garage would have been recognized as an objectively reasonable one. Again, we're talking about an area into which the defendant did not have a key. He was not permitted to exclude others from the garage. He didn't store any personal property that he actually owned in the garage. He never slept in the garage. The nature of his use of this space was limited to storing stolen knives in a vacuum cleaner owned by another, in the garage owned by a person who no longer welcomed him as an overnight guest. Also, the defendant in the suppression hearing urged the suppression of the evidence because he argued that he had, quote, essentially broken off his relationship with his friend's home. So on this record, it's sufficient for this court to review the issue for plain error. But then separately, even if the defendant had a legitimate expectation of privacy in the garage or if the court declines to review the issue for plain error, the doctrines of third-party consent still do not work to justify the circuit court's order. And this court should reverse on those grounds as well. Thank you, counsel. We'll take this under advisory.